**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EGYPT DEPARTMENT OF DEFENSE,<br><br>Plaintiff,<br><br>v.<br><br>MAHMOUD ALBOGHDADY, *et al.,*<br><br>Defendants. | Civil Action No. 21-1144 (BAH)<br><br>Chief Judge Beryl A. Howell |

**<u>MEMORANDUM OPINION</u>**

In July 2014, plaintiff Egypt Department of Defense and defendant Mahmoud Alboghdady entered into a commercial lease agreement for Alboghdady to operate a hotel on the leased premises in Washington, D.C.  Compl. ¶ 6, ECF No. 1.  Alboghdady incorporated defendant Joud LLC in the District of Columbia to operate the hotel.  *Id.* ¶ 10.  Since February 2020, Alboghdady has paid no rent and previously breached the lease by failing to pay timely late fees associated with other payments.  *Id.* ¶¶ 15, 26.  In April 2021, plaintiff brought this lawsuit seeking to eject defendants from the leased property and to recover unpaid rent, among other relief, and defendants failed to timely answer, leading to the entry of default against them.

Plaintiff has now moved for entry of default judgment on the ejectment claim, Pl.'s Mot. for Entry of Default Judgment Pursuant to Rule 55(b) on Pl.'s Ejectment Claim ("Pl.'s Mot."), ECF No. 10, and defendants belatedly appeared to move for vacatur of the Clerk's entries of default, Defs.' Second Mot. to Vacate Entry of Default ("Defs.' Mot."), ECF No. 11.  Plaintiff has shown prejudice from defendants' willful default, and defendants have presented no meritorious defense to, nor even seriously contested, plaintiff's civil ejectment claim under D.C.

1

Code § 16-1124.  Accordingly, for the reasons set forth below, partial judgment is entered in favor of plaintiff.

## I.      BACKGROUND

The relevant factual and procedural history of this matter are described below.

### A.      Factual Background

The core factual allegations in plaintiff's complaint are not disputed, as defendants have filed no answer or affidavit with their motion, nor contested in their motion plaintiff's assertions regarding their failure to pay rent.

In July 2014, plaintiff and Alboghdady entered into a seven-year contract to lease plaintiff's building at 2590 L Street, N.W., to defendant.[1]  Compl. ¶¶ 6-7; *id.*, Ex. 1, Lease Agreement § 1, ECF No. 1-1.  Under the lease, Alboghdady was required to pay increasing monthly rent—from $45,000 in the first year, to $50,648 in the final year—due on the first day of each month.  Compl. ¶¶ 12–13 (citing Lease Agreement § 3.1(a), (c)).  Alboghdady incorporated defendant Joud LLC, *id.* ¶ 10, to operate a hotel on the premises, *id.* ¶¶ 9–10; *see also* Lease Agreement § 3 ("Tenant shall use the Premises as hotel accommodations.").

Alboghdady has not paid any rent for any month since February 2020, *id*. ¶ 15; Pl.'s Mem. Supp. Mot. for Entry of Default Judgment Pursuant to Rule 55(b) ("Pl.'s Mem.") at 2, ECF No. 10-1, and is therefore in breach of the lease agreement.  Alboghdady has also breached the lease by failing to pay late fees for earlier months.  Compl. ¶ 26; *see also* Lease Agreement § 3.8 (establishing a 10 percent late fee).

Plaintiff's efforts in "good faith" to resolve this matter, recoup overdue rent, and negotiate the return of the premises have been unsuccessful.  Compl. ¶ 33.  On March 30, 2021,

---

[1]      The District of Columbia later changed the address for the building to 1005 26th Street, N.W.  Compl. ¶ 6.

plaintiff used Alboghdady's $180,000 security deposit to offset his overdue March 2020 rent, as well as some of his outstanding late fees, and provided notice to Alboghdady's counsel. *Id.* ¶¶ 38–41.  After this offset, the outstanding rent and late fees totaled $797,644.99. *Id.* ¶ 42.  The next day, plaintiff offered Alboghdady a payment plan on his back rent, *id.* ¶ 34; Pl.'s Mot., Ex. 1, Decl. of Haig V. Kalbian ("Kelbian Decl.") ¶ 7, ECF No. 10-2, but received no response, Compl. ¶ 35.  The lease ends on August 31, 2021.  Lease Agreement § 1.

     **B.**    **Procedural Background**

     Over a year after Alboghdady stopped paying rent, plaintiff filed its Complaint on April 27, 2021, bringing eight claims.  The first count, against both defendants, seeks to eject them from the premises under D.C. Code § 16-1124 on the grounds that more than six months of rent have not been paid.  Compl ¶¶ 66–72.  The remaining seven counts—two against both defendants and five against only Alboghdady—seek damages, back rent, and disgorgement under various provisions of the D.C. Code, *see id.* ¶¶ 73–94, as well as common law causes of action, *see id.* ¶¶ 95–112.

     Service was effected on Alboghdady on May 17, 2021, in his capacity as the registered agent of Joud LLC, Return of Service Affidavit (Joud LLC), ECF No. 5, and on May 20, 2021, in his individual capacity, Return of Service Affidavit (Alboghdady), ECF No. 4.  On June 15, 2021, three days after Alboghdady's answer was due, plaintiff filed a request for entry of default, *see* Pl.'s Request for Entry of Default, ECF No. 6, and, on June 21, 2021, the Clerk of the Court entered default against each of the defendants.  Clerk's Entry of Default as to Joud LLC, ECF No. 7; Clerk's Entry of Default as to Mahmoud Alboghdady, ECF No. 8.

     Over two weeks later, on July 9, 2021, defendants moved to vacate the entries of default. Defs.' First Mot. to Vacate Entry of Default, ECF No. 9.  This motion was stricken for failing to comply with D.D.C. Local Civil Rule (7)(m) and paragraph 5(d) of the Court's Standing Order,

both of which require counsel to consult with the opposing party before the filing of any non-dispositive motion, and to state in the motion whether the motion is opposed.  Min. Order (July 9, 2021) (citing D.D.C. LCvR 7(m)); Standing Order ¶ 5(d), ECF No. 3).  Defendants did not promptly cure the defect by re-filing their motion after conferring with plaintiff.

Then, on July 19, 2021, plaintiff moved for default judgment on the civil ejectment count of the complaint, seeking an order requiring defendants to vacate the premises.  Pl.'s Mot.  The following day, defendants re-filed a slightly modified version of their original motion to vacate the entry of default.  Defs.' Mot.  This barebones, conclusory, three-page motion was also filed in slightly modified form as a memorandum in opposition to plaintiff's motion for default judgment, Defs.' Opp'n to Pl.'s Mot. Default Judgment, ECF No. 12, but both only briefly acknowledge, and do not confront the substance of, plaintiff's motion.  On July 23, 2021, plaintiff filed a combined reply in support of its motion for default judgment and opposition to defendants' motion to vacate default, Pl.'s Reply Supp. Mot. for Entry of Default Judgment and Opp'n to Defs.' Mot. to Vacate Default, ECF No. 13, and defendants have filed no reply of their own in support of their motion to vacate entry of default, *see* D.D.C. LCvR 7(d) ("Within seven days after service of the memorandum in opposition the moving party may serve and file a reply memorandum.").  Accordingly, the parties' motions are ripe for resolution.

## II.    LEGAL STANDARD

The relevant legal standards are described below.

### A.    Entry of Default and Default Judgment

"[T]he Federal Rules of Civil Procedure provide for default judgments . . . [to] safeguard plaintiffs 'when the adversary process has been halted because of an essentially unresponsive party,'" and to protect the "'the diligent party . . . lest he be faced with interminable delay and continued uncertainty as to his rights.'"  *Mwani v. bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005)

(quoting *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).  Federal Rule of Civil Procedure 55(a) states, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  FED. R. CIV. P. 55(a); *see* 10A CHARLES ALAN WRIGHT ET. AL., FEDERAL PRACTICE AND PROCEDURE § 2682 (4th ed. 2018) ("When the prerequisites of Rule 55(a) are satisfied, an entry of default may be made by the clerk without any action being taken by the court . . . [as long as] the clerk [has] examine[d] the affidavits filed and [found] that they meet the requirements of Rule 55(a).").  Upon entry of default, the "defaulting defendant is deemed to admit every well-pleaded allegation in the complaint." *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co., Inc.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002) (citing *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 63 (2d Cir. 1971)).

Rule 55(c) provides that a "court may set aside an entry of default for good cause." FED. R. CIV. P. 55(c).  The D.C. Circuit has outlined three factors, first articulated in *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372 (D.C. Cir. 1980), to consider in the exercise of discretion under Rule 55(c): "whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious."  *Mohamad v. Rajoub*, 634 F.3d 604, 606 (D.C. Cir. 2011) (quoting *Keegel*, 627 F.2d at 373).  The three factors articulated in *Keegel* are not exclusive, however, as the "good cause" standard of Rule 55(c) "is designed to empower courts to consider the equities that specially arise in a given case." *Gilmore v. Palestinian Interim Self-Gov't Auth.*, 843 F.3d 958, 966 (D.C. Cir. 2016).  Thus, because "strong policies favor resolution of disputes on their merits," *Mohamad*, 643 F.3d at 606 (quoting *Jackson*, 636 F.2d at 836), and because all "doubts are resolved in favor of the party seeking relief" on motions to vacate an entry of default, *Jackson*, 636 F.2d at 836, Rule 55(c) uses a "lenient"

standard, *Meehan v. Snow*, 652 F.2d 274, 276–77 (2d Cir. 1981) (noting "the standard for setting aside the entry of a default pursuant to Rule 55(c) is less rigorous than the 'excusable neglect' standard for setting aside a default judgment by motion pursuant to Rule 60(b)" (citing *Keegel*, 627 F.2d at 375 n.5)), which leaves the determination to the Court's discretion, *see Gilmore*, 843 F.3d at 965–66 (differentiating between FED. R. CIV. P. 55(c) and 60(b)).

Federal Rule of Civil Procedure 55(b)(2) permits a court to consider entering a default judgment when a party applies for that relief. *See* FED. R. CIV. P. 55(b)(2). Nevertheless, "strong policies favor resolution of disputes on their merits" and, therefore, "[t]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Jackson*, 636 F.2d 836 (alteration in original) (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)). Furthermore, "entry of a default judgment is not automatic," *Mwani*, 417 F.3d at 6 (footnote omitted), and so the procedural posture of a default does not relieve a federal court of its typical obligations, including its "affirmative obligation" to determine whether it has subject-matter jurisdiction over the action, *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1092 (D.C. Cir. 1996).

### B.    Partial Judgment

Rule 54(b) of the Federal Rules of Civil Procedure provides that "[w]hen an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b).

## III.    DISCUSSION

Plaintiff moves for the entry of default judgment on its civil ejectment claim, arguing that (1) defendants have defaulted; (2) defendants cannot show any compelling reason for vacating default, and (3) given defendant's tacit admission of an egregious period of unpaid rent,

ejectment is warranted.  Pl.'s Mem at 4–6.  Plaintiff seeks only partial default judgment on this count because of the necessity, in its view, of immediately removing defendants from the premises, and because the full extent of damages relevant to its other claims is not currently calculable and can only be determined when plaintiff retakes possession of the premises.  *Id.* at 4.

Plaintiff has diligently pursued this case, timely moving for entry of default and for default judgment.  Defendants, on the other hand, not only failed timely to appear, but also failed to cure their initial motion to vacate the entry of default in a timely fashion and have barely supported their motion to vacate the entry of default or contested plaintiff's motion for default judgment.  Defendants' motion to vacate the entry of default is discussed first, followed by plaintiff's motion for default judgment.

### A.    Defendants' Motion to Vacate the Entry of Default

The *Keegel* factors relevant to defendants' motion to vacate the entry of default will be discussed *seriatim*.

### 1.    *Defendant's Default was Willful*

The first *Keegel* factor looks to whether the default was willful.  627 F.2d at 373.  "The boundary of willfulness lies somewhere between a negligent filing error, which is normally considered an excusable failure to respond, and a deliberate decision to default, which is generally not excusable."  *Haskins v. U.S. One Transp., LLC*, 755 F. Supp. 2d 126, 130 (D.D.C. 2010) (quoting *Int'l Painters & Allied Trades Indus. Pension Fund*, 288 F. Supp. 2d at 26).

Supporting the claim that defendants' default was willful is the simple fact that over a month elapsed between the time the answer was due and defendants' pending motion to vacate the entry of default.  Defendants falsely state in their motion that default was entered "mere days" before defendants' first stricken motion, Defs.' Mot. ¶ 3, but the gap here was well over

two *weeks*, and defendants' first motion was filed a full month after the answer was due.  This month-long delay is relatively brief and would not, on its own, support the inference that defendants' default was willful.  Assessing the willfulness of a defendant's default, however, depends not only on the period between the day on which the answer was due and the defendant's appearance to litigate, but also on the broader context of the dispute.

The broader context here is key and supports a finding of willfulness for four independent reasons: (1) defendants had been in negotiations for nearly a year over their failure to pay rent on a commercial lease and were thus plainly aware of the possibility that their failure to pay rent could lead to litigation, Pl.'s Mem. at 11; (2) defendants are sophisticated commercial parties who were already represented by counsel in the broader rent dispute, *id.* at 7–8; (3) defendants' excuses are patently false, *see id.* at 9–10; and (4) defendants engaged in dilatory conduct in pursuing vacatur of the entry of default.

Defendants obviously should have been aware of the possibility of litigation in this ongoing contract dispute in which counsel for the two parties had been regularly discussing the dispute for nearly a year.  *See* Pl.'s Mem. at 11; Pl.'s Reply at 5.  Defendants offer two meritless excuses for their failure to respond to the complaint for a month after being served.  First, defendants represent that they needed to gather "sufficient resources . . . to respond to the suit" and that time was needed to engage local counsel.  Defs.' Mot ¶ 2.  This action should not have come as a surprise to defendants, however.  Plaintiff indicates that "[d]efendants have been represented by counsel in this dispute who has attempted to negotiate a resolution for his client *for nearly a year* prior to the filing of the lawsuit."  Pl.'s Reply at 5 (emphasis added); *see also* Kalbian Decl. ¶ 3 (indicating that negotiations with defense counsel over the unpaid rent have been ongoing since July 2020).  Defendants were operating a business in the District of

Columbia and involved in an ongoing property dispute in the District.  They can and should have been prepared to respond in a timely manner to plaintiff's complaint.  Defendants may have needed some time to retain counsel to litigate in this Court, but that does not come close to explaining the 50-day gap between service of process and the filing of defendants' first motion to vacate the entry of default.  Even if they were not able timely to respond, they could have sought an extension of time, *see* Pl.'s Reply at 6, but did not, *see* Kalbian Decl. ¶ 12.

Next, defendants question whether Joud LLC was properly served, noting that while Alboghdady is the registered agent, "he was not served at the registered office with the summons and complaint in his capacity as such."  Defs.' Mot. ¶ 1.  Defendants fail to explain, however, the basis for the assertion that the summons was not served at the correct "registered office," and do not directly assert that the address of service is not the registered address of the entity.  *See* Return of Service Affidavit (Joud LLC).  Moreover, Alboghdady was undisputedly served and required to answer the complaint.  Plaintiff represents that its counsel had been in contact with defendants' Virginia-based general counsel "immediately after" Alboghdady was served with the complaint, but no further communication occurred until after default had been entered.  Pl.'s Mem. at 8 n.1 (citing Kalbian Decl.).

Defendants' willfulness in default is further illustrated by their dilatory conduct in pursuing vacatur of the entry of default.  When their first motion was stricken for a procedural infirmity that could have easily been cured in a day by making a phone call or sending an email to opposing counsel, defendants waited *eleven days*—until plaintiff's motion for default judgment was filed—to re-file the motion.  This dilatory conduct in failing timely to cure the defect in the stricken motion shows disrespect for the Court and for the opposing party, and

strongly supports the inference that the prior delay was not due to mere negligence but rather a deliberate decision to further delay judicial process.

### 2.    *Plaintiff Would Be Prejudiced by Setting Aside the Default*

The second *Keegel* factor looks to whether setting aside the default will prejudice the plaintiff.  627 F.2d at 373.  Defendants barely contest this factor, stating that "there is no significant prejudice" to Plaintiff because the motion to vacate the entry of default was filed a month after the entry of default.  Defs.' Mot. ¶ 3.  Plaintiff argues persuasively, however, that its losses are not fixed and continue to accumulate as defendants improperly occupy the property. Pl.'s Reply at 8–9.

Plaintiff has plainly been prejudiced by the delay since each additional month of wrongful occupation of the property potentially adds over $50,000 to plaintiff's already substantial claimed damages.  *See* Lease Agreement § 3.1(a) (establishing monthly rent of $50,648); Pl.'s Reply at 8–9.  Moreover, the lease terminates August 31, 2021, Lease Agreement. § 1, and plaintiff indicates that defendants' business activity suggests that they may not vacate the premises by that date, Pl.'s Mem. at 2.  Defendants concede their occupation of plaintiff's property rent-free for well over a year, and permitting litigation on the ejectment claim to go on beyond the termination of the lease would risk depriving plaintiff of the rightful use of its property.

### 3.    *Defendants Fail to Assert Meritorious Defenses to Plaintiff's Claims*

The third *Keegel* factor looks to whether the defendant has asserted a "meritorious" defense.  627 F.2d at 373.  Importantly, "meritorious" in this context does not refer to the "likelihood of success."  *Id.* at 374.  Rather, defenses are "meritorious" for purposes of the motion to vacate default "if they contain 'even a hint of a suggestion' which, if proven at trial,

would constitute a complete defense." *Keegel*, 627 F.2d at 374 (quoting *Moldwood Corp. v. Stutts*, 410 F.2d 351, 352 (5th Cir. 1969)); *see also Whelan v. Abell*, 48 F.3d 1247, 1259 (D.C. Cir. 1995) (noting that a party seeking to set aside an entry of default "is not required to prove a defense, but only to assert a defense that it may prove at trial").  Even "somewhat broad and conclusory . . . allegations [may] adequately meet the meritorious defense criterion for setting aside the default."  *Keegel*, 627 F.2d at 374.  Although a defendant must allege "specific facts beyond simple denials or conclusory statements," *Collura v. Ford*, Case No. 13-cv-4066 (GKP), 2016 U.S. Dist. LEXIS 13965, at *38 (E.D. Pa. Feb. 3, 2016) (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)), the defenses "need only be 'litigable,' . . . or 'not facially unmeritorious,'" *id.* (first quoting *Chamberlain v. Giampapa*, 210 F3d 154, 164 (3d Cir. 2000); then quoting *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)) (some internal quotation marks omitted)).

Defendants have failed to present any meritorious defense, even under the extremely low bar set by *Keegel*.  Plaintiff seeks to eject defendants from the premises pursuant to D.C. Code § 16-1124.  Under this provision, a tenant may "commence a civil action in ejectment for the recovery of the . . . premises" when "one-half year's rent or more is in arrear and unpaid, and the landlord or lessor to whom the rent is due has the right by law, in default of a sufficiency of goods and chattels whereon to distrain for the satisfaction of the rent due, to re-enter for non-payment of the rent."  D.C. Code § 16-1124(a).  Plaintiff has alleged that Alboghdady accumulated over a *year* of unpaid rent payments at the time this suit was filed, Comp. ¶¶ 15, 22, and defendants simply do not contest this allegation.

Defendants have barely even *attempted* to present a defense, stating only that they "have a significant counterclaim and a defense of prior breach of the lease by Plaintiff for taking and

holding portions of the property at issue in this action in violation of the parties' lease." Defs.'
Mot. ¶ 5. This defense fails for two reasons. First, defendants have alleged no "specific facts"
supporting the allegation of prior breach. *See Collura*, 2016 U.S. Dist. LEXIS 13965, at *38.
Moreover, plaintiff's point to a provision of the lease permitting plaintiff to use three rooms at
defendants' hotel, so long as prior notice is given. Pl.'s Reply at 3–4 (citing Lease Agreement
§ 2). Defendants' conclusory allegation of breach would be insufficient to establish a breach on
plaintiff's part, even absent this contractual provision. This contractual provision makes even
less clear that the conduct defendants generally describe actually amounts to a breach by plaintiff
of the agreement. Second, this alleged breach of the lease falls far short of a "complete defense"
to defeat the ejectment claim, and, at best, might support a counterclaim for damages. *See* Pl.'s
Reply at 5.

In sum, defendants have effectively conceded plaintiff's ejectment claim and failed to
assert any defense, let alone a meritorious defense that would constitute a complete defense to
the ejectment claim.

* * *

Defendants' default was willful and prejudicial, and they have failed to assert any
meritorious defense to plaintiff's ejectment claim.

### B.    Plaintiff's Motion for Default Judgment

Plaintiff moves for the entry of partial default judgment on its civil ejectment claim
brought under D.C. Code § 16-1124. Pl.'s Mot. As a threshold matter, plaintiff has established
the Court's subject-matter jurisdiction over this claim. Plaintiff is a foreign state within the
meaning of 28 U.S.C. 1603, Compl. ¶ 4; defendants are citizens of Virginia and the District of
Columbia, *id*. ¶¶ 2–3, and the amount in controversy exceeds $75,000, *id*. ¶¶ 4, 32. Diversity
jurisdiction therefore exists under 28 U.S.C. § 1332.

Accepting the allegations in plaintiff's complaint as admitted, *see Int'l Painters & Allied Trades Indus. Pension Fund*, 239 F.Supp.2d at 30, plaintiff has established entitlement to the entry of default judgment on its civil ejectment claim and to an order ejecting defendants from the leased premises.  *See* Pl.'s Mem. at 5.  Plaintiff seeks ejectment of defendants under D.C. Code § 16-1124, which provides:

> In a case between landlord and tenant, where one-half year's rent or more is in arrear and unpaid, and the landlord or lessor to whom the rent is due has the right by law, in default of a sufficiency of goods and chattels whereon to distrain for the satisfaction of the rent due, to re-enter for non-payment of the rent, he may, without any formal demand or re-entry, commence a civil action in ejectment for the recovery of the demised premises.

D.C. Code § 16-1124(a).  Defendants have accrued more well over a *year* of unpaid rent. Compl. ¶ 22.  Plaintiff applied defendant Alboghdady's security deposit to offset some of the unpaid rent, but the $180,000 security deposit was not nearly enough to cover the overdue rent, *id*. ¶¶ 41–43, so plaintiff does not have a "sufficiency of goods and chattels whereon to distrain for the satisfaction of the rent due," D.C. Code § 16-1124(a).  Accordingly, plaintiff is entitled to default judgment on its claim for civil ejectment and an order requiring defendants to vacate the premises.

Entry of partial judgment under Rule 54(b) is warranted because there is "no reason for delay" on plaintiff's civil ejectment claim.  *See* Fed. R. Civ. P. 54(b).  Plaintiff represents that it will need to retake the premises before assessing the full extent of damages and moving for default judgment on its remaining claims. Pl.'s Mem. at 3.  Defendants have failed to make rent payments for over a year, and plaintiffs are entitled to a timely remedy.  Finally, plaintiff expresses concern that defendants are currently "marketing their hotel on booking websites" beyond August 31, 2021, the date on which the lease terminates.  Pl.'s Mem. at 13.  Plaintiff has a strong interest in ensuring that defendants, at the very least, vacate the premises upon

13

termination of the lease, and no reason has been presented to delay while the remaining claims are litigated.

## IV.     CONCLUSION

For the foregoing reasons, plaintiff's Motion for Entry of Default Judgment Pursuant to Rule 55(b) on Plaintiff's Ejectment Claim is granted, and defendants' Motion to Vacate Entry of Default is denied.  Plaintiff has established entitlement to default judgment on its civil ejectment claim.  Partial judgment on this count is entered in favor of plaintiff, and defendants are ordered to vacate the premises by August 31, 2021.

An order consistent with this Memorandum Opinion will be entered contemporaneously.

Date:  August 24, 2021

_____
BERYL A. HOWELL
Chief Judge

14