

**PLAINTIFF'S EXHIBIT A**

| | |
|---|---|
| **From:** | Michelle Douglas |
| **To:** | Haig Kalbian; Alexander Rogosa |
| **Subject:** | FW: Egypt Department of Defense v Alboghdady, Case No. 21-1144 (D.D.C) |
| **Date:** | Wednesday, December 1, 2021 9:18:15 AM |
| **Importance:** | High |

**From:** danielaharvillpllc@gmail.com <danielaharvillpllc@gmail.com>
**Sent:** Wednesday, December 1, 2021 7:50 AM
**To:** Michelle Douglas <mdouglas@kalbianhagerty.com>
**Cc:** 'Doug Bywater' <DBywater@TATEBYWATER.COM>
**Subject:** RE: Egypt Department of Defense v Alboghdady, Case No. 21-1144 (D.D.C)
**Importance:** High

Ms. Douglas,

Allow this e-mail to serve as a response to the Safe Harbor letter you sent on November 9, 2021. We view your motion points to be not well made. I will go through them in detail:

a. First, you say that the Defendant's motion is recycled. However, that is not accurate. The court on August 24 only found that the Motion for Default Judgment was granted as to Count I. The Court did not grant it as to the remaining counts. Furthermore, the Motion specifically references the Court's previous Order. Under Rules 55 and 60, a party is allowed to request relief from an Order of the Court. We have done so in accordance with the rules. While we use much of the same argument as before, as you noted in your draft Motion for Sanctions, we have included some of the things that the Court found deficient from the previous filing. Furthermore, we have included the alternative relief of allowing a trial on the issues of damages and set offs, all of which are permissible and, indeed, ethically necessary to plead, given the Court's prior ruling.

b. You have stated that we violated the "meet and confer" standards under the rules. That is not correct. I specifically attempted to contact you the day that the Motion was being prepared. You and I spoke after hours that evening since you were tied up that day. I also left a message for Mr. Kalbian and was informed he was out of the country. As you know, I have been the primary point of contact in this matter since late 2020. Your motion fails to illustrate that role, and also fails to illustrate that we did, indeed, speak within an hour or two of the filing of the motion.

c. You indicate a delay in result caused by the filing. However, there is no delay caused by these filings. The arguments and draft pleadings related to this are very similar to the arguments and draft pleadings included in our client's opposition to the Motion for Default Judgment. Therefore, it is a strain to think that there would be an additional 10 hours or so of work caused by opposing my client's motion since the issues are concurrent. Furthermore, it is unlikely to delay the Court's ruling on your Motion for Default Judgment, since similar issues are presented by both, and the Court when ruling on one, will rule on the other. You do make a good non-substantive point that there was a typographical error in the title of the Motion. We apologize for that error. But of course, that reflects the similarity of the issues in the two pleadings and the fact that a ruling on one is a ruling on the other as we used one pleading as

a template for the other, while adding in the few points unique to each.

Therefore, we view your draft motion as not well made and unlikely to succeed. My client has a right to a trial on damages in this matter, as well as a right to ask the Court for relief from previous orders of the Court and relief on Counts of the Complaint that are not reduced to final judgment at this time. The pleading creates no new burdens of delay on the process, and few on your client in responding to it.

Please let me know if you would like to discuss this further. You can reach me at 703-507-6969.


Regards

Daniel A. Harvill, Esq.
DANIEL A. HARVILL, PLLC
9403 Grant Avenue, Suite 202
Manassas, VA 20110
Phone: 703-485-3111
Fax: 571-287-6795
Mobile: 703-507-6969

This message is intended only for the use of the addressee and may contain information that is subject to the attorney-client privilege, and/or may contain attorney work product, and/or other privileged or confidential material.

The information transmitted in this message is for the exclusive use of the person or entity to which it is addressed.  If you are not the intended recipient of this message, you are prohibited from reading, printing, duplicating, disseminating or otherwise using this information.

If you have received this information in error, please notify the sender immediately, delete this information from your computer, and destroy all copies of the same.

Thank you.


**From:** Doug Bywater <DBywater@TATEBYWATER.COM>
**Sent:** Tuesday, November 9, 2021 6:05 PM
**To:** Harvill Dan <danielaharvillpllc@gmail.com>
**Subject:** Fwd: Egypt Department of Defense v Alboghdady, Case No. 21-1144 (D.D.C)

See attached. You need to make your motion to be admitted. Thanks. Doug

Sent from my iPhone

Begin forwarded message:

**From:** Michelle Douglas <mdouglas@kalbianhagerty.com>
**Date:** November 9, 2021 at 6:01:57 PM EST
**To:** Doug Bywater <DBywater@tatebywater.com>, danielaharvillpllc@gmail.com
**Cc:** Haig Kalbian <hkalbian@kalbianhagerty.com>, Alexander Rogosa <ARogosa@kalbianhagerty.com>
**Subject: Egypt Department of Defense v Alboghdady, Case No. 21-1144 (D.D.C)**

Gentlemen,

Please see the attached correspondence and its enclosure.

Best regards,

Michelle

*D. Michelle Douglas*
*Partner*

*888 17th Street, NW, # 1200*
*Washington, D.C. 20006*
*Tel: 202-223-5600*
*Main: (202) 223-5600*
*Direct: (202) 204-0878*
*Fax: (202) 223-6625*
*Email: mdouglas@kalbianhagerty.com*

**CONFIDENTIALITY NOTE: This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by returning it to the sender and completely delete this e-mail from your system.  Thank you for your cooperation.**



**D. Michelle Douglas**
mdouglas@kalbianhagerty.com
(202) 223-5600 Telephone

888 17th Street, NW, Suite 1200
Washington, DC  20006
(202) 223-6625 Facsimile

November 9, 2021

**VIA ELECTRONIC MAIL ONLY**

Daniel A. Harvill, Esq.
Daniel A. Harvill, PLLC
9403 Grant Avenue, Suite 202
Manassas, VA 20110
danielaharvillpllc@gmail.com

Douglas Bywater, Esq.
Tate, Bywater, Fuller, et al.
2740 Chain Bridge Road
Vienna, VA 22181
debywater@tatebywater.com

Re:   Mahmoud Alboghdady/1005 26TH Street, NW, Washington, DC 20037
*Egypt Department of Defense v Alboghdady*, Case No. 21-1144 (D.D.C)

Dear Mr. Harvill and Mr. Bywater:

Enclosed please find a copy of Plaintiff's intended Rule 11 motion related to your November 3, 2021 filings in the U.S. District Court in the above-referenced matter. The letter and the attached draft motion are forwarded in order to comply with the safe harbor provisions of Rule 11 of the Federal Rules of Civil Procedure. Please be advised that if your filings are not withdrawn within twenty-one (21) days of this correspondence, we will proceed with filing the motion.

Sincerely,

*D. Michelle Douglas*
D. Michelle Douglas

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EGYPT DEPARTMENT OF DEFENSE**<br><br>**Plaintiff,**<br><br>v.<br><br>**MAHMOUD ALBOGHDADY**<br><br>and<br><br>**JOUD LLC A/K/A JOUD RESIDENCE**<br><br>**Defendants.** | **CASE NO. 21-1144 – BAH** |

**PLAINTIFF'S MOTION FOR SANCTIONS**

Plaintiff Egypt Department of Defense, through counsel and pursuant to Rule 11 of the Federal Rules of Civil Procedure hereby moves for sanctions relating to Defendants' filing of its Opposition to Plaintiff's Motion for Default Judgment Awarding Damages and Defendants' Motion to Vacate Default. Plaintiff, as grounds therefore, as set forth by the below Memorandum of Points and Authorities, states as follows.

**I.  Sanctions Are Appropriate Against Defendants and Their Counsel**

Defendants' filings and consistent flaunting of the Court's meet and confer standards warrant an award of sanctions against not only the Defendants, but also their attorney of record and the representing law firm. It is the counsel of record's responsibility to monitor the validity of legal filings and ensure that judicial resources are not wasted.

> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

>(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;

Fed. R. Civ. Pro. 11(b). Here, defense counsel knowingly greenlit a recycled motion twice rejected by the Court without so much as mentioning those past filings, or the Court's Order on the matter. They did at least attach an answer and counterclaim to this version, which was one of the many deficiencies in prior attempts, but those attachments lacked evidentiary support. Defendants could not even be troubled to detail their thin claims within the text of their "Opposition" and Motion to Vacate Default, which constituted duplicate filings. They styled the actual document as an opposition yet did not address any of the ten pages of damages analysis presented in Plaintiff's Motion. Indeed, Defendants and their counsel actually misrepresented the context of this filing to the Court, as this submission amounts to no more than a Motion to Reconsider, albeit one which failed to even mention the standard applicable on such a motion, much less make any attempt to satisfy the high standard for reconsideration. The motion contains hardly any new arguments and has no hope of passing muster. Plaintiff refers the Court to its Reply for further details regarding the deficiencies of Defendants' filings and their improper waste of legal resources. *See* Docket No. 21.

This is a naked attempt to further delay a final ruling in this case and to drive up unnecessary attorney's fees for Plaintiff. As Plaintiff made clear in prior filings, there is significant concern that it will be unable to collect the substantial damages already caused by Defendants and set out in Plaintiff's Motion. Sanctions made solely against Defendants are unlikely to actually be paid in the case, which is why they feared no repercussions and proceeded with this unconscionable

"Opposition." If "Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee." Fed. R. Civ. Pro. 11(c)(1). The Court should hold the counsel of record and his firm equally responsible since they bear final responsibility for filings in their name. This is true regardless of any effort they demonstrated to shrug off direction of the case to an attorney unlicensed in the District.

As explained in Plaintiff's Reply, Defendants failed to satisfy the meet and confer requirements under Local Civil Rule 7.1(m). But even this insufficient effort was made by a Virginia attorney who has continued working on Defendants' behalf despite his lack of standing in the subject litigation. The filings in question improperly identify him as a co-counsel in the case. Had Defendants' counsel of record been more attentive to the case rather than delegating to the foreign attorney, perhaps they could have spared everyone from these shallow attempts to forestall judgment.

An appropriate remedy in this case would be "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. Pro. 11(c)(4). Adequate deterrence in this case would equate to the amount of attorney's fees incurred to prepare the Reply to Defendants' frivolous Opposition to Plaintiff's Motion for Default Judgment Awarding Damages, also recorded in a subsequent duplicative filing with the title Motion to Vacate Default, as well as the attorney's fees needed to prepare this Motion for Sanctions. In total Plaintiff's counsel expended fifteen hours as a result of Defendants' filings between time spent reviewing the submissions, evaluating a potential response, drafting and revising the Reply as well as the subject Motion, notifying defense counsel of the

intended Motion for Sanctions, and the filing of each. This work was primarily performed by an associate at Plaintiff's firm and billed at his rate of $350 per hour, for a total award of $5,250.[1] Plaintiff's counsel endeavored to conserve these costs as much as possible while preparing a thorough response that would warrant a final judgment in the case by this Court.

## CONCLUSION

Wherefore, for the reasons set forth herein and the Court's record, Plaintiff respectfully requests that the Court grant this Motion for Sanctions and award Plaintiff all attorney's fees incurred in responding to Defendants' frivolous submission, in an amount not less than $5,250.00.

Dated: November 9, 2021              Respectfully submitted,

                                     KALBIAN HAGERTY LLP


                                     /s/ Haig V. Kalbian
                                     Haig V. Kalbian [D.C. Bar # 400976]
                                     D. Michelle Douglas [D.C. Bar # 503354]
                                     Alexander Rogosa [D.C. Bar # 1044198]
                                     888 17th Street NW, Suite 1200
                                     Washington, D.C. 20006
                                     Email: hkalbian@kalbianhagerty.com
                                     Tel:    202-223-5600
                                     Fax:    202-223-6625
                                     *Counsel for Plaintiff*

---

[1] This figure represents the fees incurred through November 9, 2021 only. In order to comply with safe harbor requirements under Federal Rule 11, this amount is outlined here but Plaintiff reserves the right to submit an updated declaration at the time of filing of this motion with the Court which will include all time spent by all attorneys of the firm for any oral argument or further work performed after November 9th in responding to Defendants' frivolous pleadings.

## CERTIFICATE OF SERVICE

      I hereby certify that on November 9, 2021, a true and correct copy of the foregoing Motion for Sanctions was electronically served upon the following counsel via email, but will not be filed with the Court's electronic filing system – CM/ECF system, until after the expiration of the Rule 11, 21-day safe harbor provision:

Douglas Bywater
Tate, Bywater, Fuller, Mickelsen, & Tull, PLC
2740 Chain Bridge Road
Vienna, VA 22181
Counsel for Defendants
debywater@tatebywater.com

                                                        /s/ D. Michelle Douglas
                                                        D. Michelle Douglas [D.C. Bar # 503354]