### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EGYPT DEPARTMENT OF DEFENSE** | |
| **Plaintiff,** | **CASE NO. 21-1144 – BAH** |
| v. | |
| **MAHMOUD ALBOGHDADY** | |
| and | |
| **JOUD LLC A/K/A JOUD RESIDENCE** | |
| **Defendants.** | |

### JOINT MEET AND CONFER REPORT
### PURSUANT TO LOCAL CIVIL RULE 16(d)
### AND PROPOSED SCHEDULING ORDER

Plaintiff Egypt Department of Defense ("Plaintiff") and Defendants Mahmoud Alboghdady and Joud LLC a/k/a Joud Residence (collectively "Defendants"), through counsel and pursuant to the Court's Order dated March 10, 2022 (Doc. 26); Standing Order dated April 28, 2021; Rule 26(f) of the Federal Rules of Civil Procedure; and Local Civil Rule 16(d), the parties submit this Joint Meet and Confer Report and attached proposed Scheduling Order.

The parties held their Rule 16 conference on March 17, 2022, with all of the undersigned participating. Following that conference, the parties have prepared the following report:

1.      Brief Statement of the Case

This is a landlord tenant dispute in which Plaintiff has regained possession of its property and now seeks damages for alleged non-payment of rent, damage to the leased premises and various other amounts due. Defendants deny liability for the condition of the premises and allege that breaches by Plaintiff should offset unpaid rent.

2.      Statutory basis of the Court's jurisdiction for all causes of action and defenses.

This is a diversity case in which the Plaintiff is a foreign state, the amount of controversy exceeds $75,000 and the property that is the subject of the lease between the parties is located within the District of Columbia.

3.      Discovery Plan

The parties have discussed the Discovery Plan issues outlined in Rule 26(f) and have agreed that:

a.  Rule 26(a) Disclosures are not needed in this case.

b.  Discovery in this case is discrete and can be completed in 105 days.  This case would not benefit from conducting discovery in phases.

c.  The parties will produce electronically stored information as Bates numbered PDFs accompanied by native file with file numbers bearing corresponding Bates numbers.

d.  The parties agree that:

  i.  Neither party anticipates any complicated issues regarding privilege or work product, and no Rule 502 order is needed.

  ii.  Service of discovery requests and responses via email only is sufficient and service is effective on the date it is emailed.

  iii.  If documents are withheld from production under a claim of privilege, a privilege log will be provided at the same time as the written responses are provided.

  iv.  Communications directly between any party and its counsel need not be logged, provided that no third party was copied on the communication and it has been maintained at all times as confidential.

v. Changes to discovery limitations as set forth in the federal rules are not needed in this case.

4.     Amendment of Pleadings, Joinder

The parties agree that joinder and amendment of pleadings shall be completed within 90 days of entry of the Scheduling Order, as set forth in Exhibit A hereto.

5.     Magistrate Judge

The parties agree that the case should not be assigned to a magistrate judge.

6.     Possibility of Settlement

The parties are open to discussing settlement, but efforts have not been successful to date.

7.     Benefit from Alternative Dispute Resolution Procedures

The parties believe this case would benefit from alternative dispute resolution procedures.

8.     Resolution by Summary Judgment or Motion to Dismiss

At this time, the parties do not anticipate that the case can be resolved through dispositive motions.

9.     Expert Witnesses

The parties propose that any party offering an expert shall disclose their expert in compliance with Rule 26 no later than 30 days after close of discovery, with rebuttal and reply expert reports due as set forth in Exhibit A.

10.     Class Actions

This case is not a class action.

11.     Bifurcation of Trial or Discovery

The parties agree that no bifurcation is appropriate or necessary here.

12.     Pretrial Conference

The parties propose a pretrial conference as set forth in Exhibit A.

13.    Firm Trial Date

The parties propose that a firm trial date be set approximately 30 days after the deadline

for Daubert motions, as set forth in Exhibit A.

14.    Other Matters

The parties agree that no other matters need to be included in the scheduling order.

Accordingly, the parties request that the Court enter this stipulated Scheduling Order in

this case, setting deadlines as set forth in Exhibit A.

Dated: March 21, 2022                          Respectfully submitted,

                                               KALBIAN HAGERTY LLP


                                               /s/ D. Michelle Douglas
                                               Haig V. Kalbian [D.C. Bar # 400976]
                                               D. Michelle Douglas [D.C. Bar # 503354]
                                               Alexander Rogosa [D.C. Bar # 1044198]
                                               888 17th Street NW, Suite 1200
                                               Washington, D.C. 20006
                                               Tel:    202-223-5600
                                               Fax:    202-223-6625
                                               Email: hkalbian@kalbianhagerty.com
                                               Email: mdouglas@kalbianhagerty.com
                                               Email: arogosa@kalbianhagerty.com
                                               *Counsel for Plaintiff*

                                               TATE, BYWATER, FULLER, et al.


                                               /s/ Douglas E. Bywater
                                               Douglas Bywater
                                               2740 Chain Bridge Road
                                               Vienna, VA 22181
                                               Phone: 703-938-5100
                                               Fax: 703-991-0605
                                               E-Mail: debywater@tatebywater.com
                                               *Counsel for Defendants*

So Ordered

Dated March ___, 2022

                                            _____

                                            BERYL A. HOWELL
                                            Chief Judge

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2022, a true and correct copy of the foregoing Joint Meet And Confer Report Pursuant To Local Civil Rule 16(D) And Proposed Scheduling Order was electronically served via the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Douglas Bywater
Tate, Bywater, Fuller, Mickelsen, & Tull, PLC
2740 Chain Bridge Road
Vienna, VA 22181
Counsel for Defendants
debywater@tatebywater.com

/s/ D. Michelle Douglas
D. Michelle Douglas [D.C. Bar # 503354]